NO. 07-01-0163-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 26, 2001

______________________________

APOLINAR DURAN BERLANGA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 183
RD
 DISTRICT COURT OF HARRIS COUNTY;

NO. 859466; HONORABLE WOODROW DENSON, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON ABATEMENT AND REMAND

On January 26, 2001, appellant Apolinar Duran Berlanga was convicted of the offense of indecency with a child after a plea of guilty and, pursuant to a plea bargain, sentenced to four years confinement in the Institutional Division of the Department of Criminal Justice.  Appellant gave timely notice of appeal.  

Although appellant was represented by appointed counsel at the trial court level, his notice of appeal was given pro se.  The reporter’s record was waived by appellant, and the clerk’s record was filed on March 27, 2001.  Therefore, appellant’s brief was due to be filed on April 26, 2001.  
See 
Tex. R. App. P. 38.6(a).  To date, neither a brief nor a motion for extension of time has been filed.  

In his notice of appeal, appellant requests appointment of counsel to represent him on appeal.  However, there is nothing in the record indicating that such appointment was made.  We are aware of the fact that appellant accepted a plea bargain and, because the punishment assessed did not exceed that recommended by the prosecutor, appellant waived his right to appeal without permission of the court, except for matters raised by written motion prior to trial.  
 However, appellant alleges in his notice of appeal that his plea was involuntarily made and that he received ineffective assistance of counsel.   

This sequence of events requires us to call for a hearing as provided in Texas Rule of Appellate Procedure 38.8(b)(3).  Accordingly, this appeal is abated and the cause remanded to the 183
rd
 District Court of Harris County.

Upon remand, the judge of the trial court shall immediately cause notice to be given and conduct a hearing to determine:

1.  Whether appellant has abandoned his appeal.

2.  If appellant still desires to pursue his appeal, the court shall determine if appellant is still indigent and if the appointment of an attorney is necessary.

  

3.  If appellant is not indigent, whether he has failed to make the necessary arrangements for prosecuting his appeal, and if he has not done so, what orders are necessary to ensure those arrangements are made.

4.  If it be determined that an attorney should be appointed, the name, address, and State Bar of Texas identification number of the attorney appointed.

5.  If any other orders are necessary to ensure the diligent and proper pursuit of appellant’s appeal. 

In support of its determinations, the trial court will prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk’s record.  The hearing proceedings shall be transcribed and included in a supplemental reporter’s record.  Those supplemental records shall be submitted to the clerk of this court no later than July 25, 2001.

It is so ordered.  

Per Curiam

Do not publish.